**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

|  |  |  |
|---|---|---|
| EDWARD TURAY<br>7202 Bradford Road<br>Upper Darby, PA 19082 | : <br> : <br> : | |
| | : | CIVIL ACTION |
| Plaintiff, | : | |
| | : | No.: |
| v. | : | |
| | : | |
| MELMARK INC., d/b/a MELMARK | : | **JURY TRIAL DEMANDED** |
| 2600 Wayland Road | : | |
| Berwyn, PA 19312 | : | |
| | : | |
| Defendant. | : | |
| | : | |

**CIVIL ACTION COMPLAINT**

Plaintiff, Edward Turay, by and through his undersigned counsel, hereby avers as follows:

## I.    INTRODUCTION

1.    Plaintiff has initiated this action to redress violations by Melmark Inc., d/b/a Melmark ("Defendant") of the Age Discrimination in Employment Act ("ADEA" - 29 U.S.C. §§ 621 *et. seq.*) and the Pennsylvania Human Relations Act ("PHRA").[1] Plaintiff asserts claims of age discrimination, retaliation, and (overall) wrongful termination from employment.

## II.    JURISDICTION AND VENUE

2.    This Court, in accordance with 28 U.S.C. § 1331, has jurisdiction over Plaintiff's claims because this civil action arises under laws of the United States.

---

[1] Plaintiff identifies that he will pursue a PHRA claim herein for notice purposes only. He omits such a claim in the Count Section of this Complaint. Plaintiff will move to amend the instant lawsuit to include a PHRA claim once one (1) year elapses from filing with the Pennsylvania Human Relations Commission (a prerequisite of such state administrative exhaustion to such amendment).

3.    This Court may properly maintain personal jurisdiction over Defendant because Defendant's contacts with this state and this judicial district are sufficient for the exercise of jurisdiction over Defendant to comply with traditional notions of fair play and substantial justice, satisfying the standard set forth by the United States Supreme Court in International Shoe Co. v. Washington, 326 U.S. 310 (1945) and its progeny.

4.    Pursuant to 28 U.S.C. § 1391(b)(1) and (b)(2), venue is properly laid in this district because all of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district, and in addition, Defendant is deemed to reside where it is subject to personal jurisdiction, rendering Defendant a resident of the Eastern District of Pennsylvania.

5.    Plaintiff is proceeding herein under the ADEA and has properly exhausted his administrative remedies with respect to such claims by timely filing a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") and by filing the instant lawsuit within ninety (90) days of receiving a notice of dismissal and/or right to sue letter from the EEOC.

### III.    PARTIES

6.    The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

7.    Plaintiff is an adult individual, with an address as set forth in the caption.

8.    Melmark Inc., d/b/a Melmark ("Defendant") is headquartered in Berwyn, Pennsylvania (and incorporated in Delaware). Defendant provides specialized education and vocational and therapeutic services for children and adults with autism and developmental disabilities (among other related services).

9.     At all times relevant herein, Defendant acted by and through its agents, servants and employees, each of whom acted at all times relevant herein in the course and scope of their employment with and for Defendant.

## IV.    FACTUAL BACKGROUND

10.     The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

11.     Plaintiff is a 62-year-old man.

12.     Plaintiff was hired by Defendant on or about January 18, 2021; and in total, Plaintiff was employed by Defendant for almost five (5) years (until late October of 2025).

13.     Plaintiff was employed by Defendant in a full-time capacity, working for Defendant as a Direct Support Professional (a/k/a "DSP"). Plaintiff was also at times referred to as a Residential Aide.

14.     In Plaintiff's role, he provided direct care to residents with mental or physical disabilities, and such care included assisting with their eating, bathing, grooming, toileting, and dressing (among other life activities). Each resident generally had different plans, schedules or needs (of care).

15.     Plaintiff initially (upon hire and thereafter) worked at Defendant's Engle residential facility (located in Berwyn, PA), also known as the Engle House. The Engle House is a certified intermediate Care Facility.

16.     In or about February of 2023, Plaintiff transferred to Defendant's Melissa B House, which is also located in Berwyn, PA. Like the Engle House, the Melissa B House is a certified intermediate care facility for individuals with intellectual disabilities or related conditions who require active treatment or oversight but do not require the level of care provided

by a hospital or skilled nursing facility. Plaintiff worked at this location until his termination from employment.

17.    During Plaintiff's last approximate year of employment, he began being supervised by a new manager. This new manager was upon information and belief in his 40s (as to age while Plaintiff was employed with Defendant) and his name is Wegee Jallah ("Jallah"). Jallah was a Manager overseeing employees and operations of various locations (including that of Plaintiff).

18.    Dave Haneman ("Haneman") was employed the title of Director of Adult ICF Residential Programs. He indirectly managed Plaintiff (and an Assistant Director), and he was upon information and belief in his late 30s (as to age) while Plaintiff was employed with Defendant.

19.    While being supervised by Jallah, Plaintiff felt constantly picked on and nitpicked. By way of examples only:

    (a) Jallah was abrasive, abrupt, and rude in communication to Plaintiff unlike Plaintiff's younger peers;

    (b) Jallah would be accusatory in tone while checking on Plaintiff inquiring if he was stealing time, working hard, and effectively doing his job. This was not done with younger peers in the same manner; and

    (c) Jallah appeared to be on a continual witch-hunt to find any basis to discipline Plaintiff.

20.    During Plaintiff's entire tenure, Plaintiff generally worked the "overnight shift" on each scheduled day of work (11 PM to 9 AM).

21.    On a date in late September of 2025, Jallah told Plaintiff, he snuck into his room while he was providing one-to-one overnight care and believed Plaintiff was sleeping. Plaintiff absolutely was not sleeping, and any such allegation or insinuation was false. Plaintiff is not

4

aware of any discipline for such an assertion by Jallah (or Defendant), but Plaintiff did complain directly to Jallah of his inappropriate behavior (which could cause extreme reactions from a resident), claims of sneaking in a dark room, and false assertion(s).

22.    Jallah again accused Plaintiff of improperly sleeping on the job on or about October 2, 2025. Plaintiff did not do anything wrong, and Jallah had been watching Plaintiff on a continual basis about anything and everything he did including showing up at random times to see if Plaintiff was sleeping.

23.    As a result of Jallah's aforesaid assertions that Plaintiff may have been sleeping, Jallah told Plaintiff he was being warned and instructed Plaintiff on workplace policies. ***To be clear: (1) Plaintiff was not accused of errors, misconduct or sleeping after October 2, 2025; (2) Jallah and the Assistant Director had discussed the matters pertaining to Plaintiff, culminating a warning to Plaintiff for October 2, 2025 perceptions;[2] and (3) there was no intent, no steps taken, and no determination to terminate Plaintiff between October 2, 2025, and October 12, 2025. Plaintiff was solely warned for something Plaintiff disputed happening.***

24.    On or about October 5, 2025, Jallah told Plaintiff he was "too old" to be working for Defendant. This was the first time Jallah had point-blank made age-discriminatory comments to Plaintiff (as in suggesting Plaintiff should not be working for Defendant). However, Jallah had made more subtle discriminatory comments in prior months such as asking Plaintiff things like "can you do this job," "do you have it in you to keep working overnight," and other similar comments. Plaintiff in hindsight attributes such inquires or comments as being *solely because of his age* as well.

---

[2] This is a party admission by Defendant in its Position Statement filed with the EEOC.

25.     On or about <u>October 12, 2025</u>, Plaintiff submitted a written complaint to Haneman, Defendant's Director. Plaintiff's written complaint to Haneman was two (2) typed pages and included comments by Plaintiff such as:

- Titling the letter as "Discriminatory Harassment;"

- Complaining of Jallah making "false accusation[s]" about him;

- Jallah "made a slur statement against [him] . . . . I know you are too old;"

- The age slur was "insulting" and "offensive" as Plaintiff didn't feel he was at "retirement age" to no longer work for Defendant;

- He was a victim of a "manager [who] is hunting for trouble," while other "staff notoriously clock in late, and others are continuously found sleeping on sofas" and he is the one being "harass[ed] on the job;" and

- He was making a specific complaint of "discriminatory harassment" and hoped to not experience anything "considered retaliatory."

26.     Defendant fully acknowledged that Plaintiff sent and Defendant (an in particular, Haneman) received Plaintiff's October 12, 2025, complaints of discriminatory harassment and age slurs. *See* Defendant's EEOC Position Statement at page 5 (not attached to this lawsuit).[3]

27.     <u>After</u> Haneman received Plaintiff's complaints of discrimination, Defendant's management immediately decided to suspend Plaintiff. Plaintiff was then notified of his termination weeks later. In fact, Plaintiff was provided with a termination letter dated October 24, 2025, stating *inter alia*:

---

[3] *See e.g. Reaves v. Pa. State Police*, 2013 U.S. Dist. LEXIS 137948, at *7 (M.D. Pa. 2013)(citing numerous cases that Position Statements are "admissible both as substantive evidence and for purposes of impeachment by contradiction" as a "party admission" constituting non-hearsay). *Loomis v. Clark Labs., LLC*, 2015 U.S. Dist. LEXIS 47188, at *3 (W.D. Pa. 2015)(Position Statement to EEOC is clearly admissible evidence); *Murtha v. Forest Elec. Corp.*, 1992 U.S. Dist. LEXIS 10476, at *23 (E.D. Pa. 1992)(EEOC Position Statements are admissible and not prohibited as substantive evidence, even under attempted creative arguments such as FRE 408).

Dear Edward,

On October 2, 2025, you were working the overnight shift and maintaining supervision of an adult with intellectual disabilities who requires 1:1 staffing even when asleep. A manager doing rounds in the home, opened the door to the bedroom you were sitting in and observed you to be asleep in a recliner, covered partially by a sheet and snoring. As a result, a certified investigation was initiated, witnesses were interviewed, and you were interviewed to provide your version of events.

The evidence demonstrates that you were sleeping on the overnight shift and not maintaining proper supervision of the individual you were assigned to. The investigation was ultimately confirmed for neglect of individuals with intellectual disabilities which is a violation of our Staffing Ratios and Supervision policy, AP.2.05 and is listed in our Employee Corrective Action policy (HR.3.03) as an offense that may lead to immediate termination.

Additionally, sleeping or the appearance of sleeping while on duty is a violation of our Sleeping While on Duty policy (HR.3.09). Your willful behavior meets the definition of intentional sleeping which is also listed in our Employee Corrective Action policy as an offense that warrants immediate termination. This offense is also listed in the Employee Corrective Action policy as one that warrants immediate termination. Due to the egregious violations of multiple policies, we have no alternative but to end the employment relationship effective immediately.

28.     Plaintiff was terminated after an excellent career where he was a model employee for many years for one single instance in which he was accused of potentially sleeping (as confirmed via the termination letter he received).

29.     Plaintiff's termination was completely unfair, pretextual, discriminatory and retaliatory for reasons including but not limited:

(1) He was removed from his job and terminated in exceptionally close (suggestive) temporal proximity to complaining of age discrimination;

(2) He was an exemplary and model employee for many years and supposedly only became a terrible employee in has last several months of a long tenure, which is not plausible or believable in the same time frame he was referred to by his manager as being "too old;"

(3) His manager told him he was "too old" to be working for Defendant weeks before Plaintiff was removed from his job and ultimately terminated;

(4) He was terminated right after complaining of age discrimination for the same issue he: (a) disputed occurred; and (b) was only warned about with no intention to terminate weeks earlier;

7

(5) Defendant engaged in no actual or meaningful investigation about Plaintiff's concerns of age discrimination or discriminatory harassment before rushing to terminate Plaintiff; and

(6) Other employes were not similarly terminated (who were younger) for all types of misconduct or policy violations equally or more severe than which Plaintiff had been accused of and for which he was allegedly terminated.

30.    Plaintiff was terminated because of his advanced age and/or due to his complaints of discriminatory treatment on account of his age.

**First Cause of Action**
**Violations of the Age Discrimination in Employment Act ("ADEA")**
**(Age Discrimination & Retaliation)**

31.    The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

32.    Plaintiff was terminated because of his age and/or due to his complaints of age discrimination.

33.    Defendant's actions as outlined in this lawsuit constitute unlawful discrimination and retaliation in violation of the ADEA.

34.    Plaintiff properly exhausted his administrative remedies by timely filing a Charge with the EEOC and by filing this lawsuit within 90 days of receipt of a notice of case closure and/or right-to-sue letter.

35.    Plaintiff seeks all available remedies available under the ADEA for violations as set forth herein.

**WHEREFORE**, Plaintiff prays that this Court enter an Order providing that:

A.    Defendant is to promulgate and adhere to a policy prohibiting discrimination or retaliation in the future against any employee(s);

8

B.      Defendant is to compensate Plaintiff, reimburse Plaintiff, and make Plaintiff whole for any and all pay and benefits Plaintiff would have received had it not been for Defendant's illegal actions, including but not limited to back pay, front pay, salary, pay increases, bonuses, insurance, and benefits;

C.      Plaintiff is to be awarded actual damages, as well as damages for the pain, suffering, and humiliation caused by Defendant's actions (where legally permitted upon applicable statute(s));

D.      Plaintiff is to be awarded liquidated damages, as he meets ADEA criteria for such damages;

E.      Plaintiff is to be accorded other equitable and legal relief as the Court deems just, proper, and appropriate;

F.      Plaintiff is to be awarded the costs and expenses of this action and a reasonable attorney's fees as provided by applicable federal and state law; and

G.      Plaintiff is to receive a trial by jury as set forth in the caption of this Charge.

Respectfully submitted,

**KARPF, KARPF & CERUTTI, P.C.**

By:

Ari R. Karpf, Esq. (91538)
8 Interplex Drive, Suite 210
Feasterville-Trevose, PA 19053
215-639-0801 (P)
215-639-4970 (F)
akarpf@karpf-law.com

Dated: August 7, 2026

9

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**CASE MANAGEMENT TRACK DESIGNATION FORM**

|  |  |  |
|---|---|---|
| Edward Turay | : | CIVIL ACTION |
| v. | : : : | |
| Melmark Inc., d/b/a Melmark | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.)  In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.            ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
    and Human Services denying plaintiff Social Security Benefits.            ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.   ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from
    exposure to asbestos.            ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
    commonly referred to as complex and that need special or intense management by
    the court.  (See reverse side of this form for a detailed explanation of special
    management cases.)            ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.      (x )

| 8/7/2026 | | Plaintiff |
|---|---|---|
| **Date** | **Attorney-at-law** | **Attorney for** |
| 215-639-0801 | 215-639-4970 | akarpf@karpf-law.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

**(Civ. 660) 10/02**

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**DESIGNATION FORM**

Place of Accident, Incident, or Transaction: <u>Defendants place of business</u>

---

***RELATED CASE IF ANY:*** Case Number:_____ Judge:_____

1. Does this case involve property included in an earlier numbered suit?  Yes ☐

2. Does this case involve a transaction or occurrence which was the subject of an earlier numbered suit?  Yes ☐

3. Does this case involve the validity or infringement of a patent which was the subject of an earlier numbered suit?  Yes ☐

4. Is this case a second or successive habeas corpus petition, social security appeal, or pro se case filed by the same individual?  Yes ☐

5. Is this case related to an earlier numbered suit even though none of the above categories apply? If yes, attach an explanation.  Yes ☐

I certify that, to the best of my knowledge and belief, the within case ☐ **is** / ☒ **is not** related to any pending or previously terminated action in this court.

---

**Civil Litigation Categories**

**A.**  *Federal Question Cases:*

☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts)
☐ 2. FELA
☐ 3. Jones Act-Personal Injury
☐ 4. Antitrust
☐ 5. Wage and Hour Class Action/Collective Action
☐ 6. Patent
☐ 7. Copyright/Trademark
☐ 8. Employment
☐ 9. Labor-Management Relations
☒ 10. Civil Rights
☐ 11. Habeas Corpus
☐ 12. Securities Cases
☐ 13. Social Security Review Cases
☐ 14. Qui Tam Cases
☐ 15. Cases Seeking Systemic Relief  **\*see certification below\***
☐ 16. All Other Federal Question Cases. *(Please specify)*:_____

**B.**  *Diversity Jurisdiction Cases:*

☐ 1. Insurance Contract and Other Contracts
☐ 2. Airplane Personal Injury
☐ 3. Assault, Defamation
☐ 4. Marine Personal Injury
☐ 5. Motor Vehicle Personal Injury
☐ 6. Other Personal Injury *(Please specify)*:_____
☐ 7. Products Liability
☐ 8. All Other Diversity Cases: *(Please specify)*_____
_____

I certify that, to the best of my knowledge and belief, that the remedy sought in this case ☐ **does** / ☒ **does not** have implications beyond the parties before the court and ☐ **does** / ☒ **does not** seek to bar or mandate statewide or nationwide enforcement of a state or federal law including a rule, regulation, policy, or order of the executive branch or a state or federal agency, whether by declaratory judgment and/or any form of injunctive relief.

---

**ARBITRATION CERTIFICATION (CHECK ONLY ONE BOX BELOW)**

I certify that, to the best of my knowledge and belief:

[ X ]  Pursuant to Local Civil Rule 53.2(3), this case is not eligible for arbitration either because (1) it seeks relief other than money damages; (2) the money damages sought are in excess of $150,000 exclusive of interest and costs; (3) it is a social security case, includes a prisoner as a party, or alleges a violation of a right secured by the U.S. Constitution, or (4) jurisdiction is based in whole or in part on 28 U.S.C. § 1343.

[    ]  None of the restrictions in Local Civil Rule 53.2 apply and this case is eligible for arbitration.

NOTE: A trial de novo will be by jury only if there has been compliance with F.R.C.P. 38.

JS 44 (Rev. 04/21)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
TURAY, EDWARD

**DEFENDANTS**
MELMARK INC., D/B/A MELMARK

**(b)** County of Residence of First Listed Plaintiff    Delaware
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant    Chester
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Ari R. Karpf, Esq.; Karpf, Karpf & Cerutti, P.C., 8 Interplex Drive, Suite 210, Feasterville-Trevose, PA 19053; 215-639-0801; akarpf@karpf-law.com

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

| | |
|---|---|
| ☐ 1 U.S. Government Plaintiff | ☒ 3 Federal Question *(U.S. Government Not a Party)* |
| ☐ 2 U.S. Government Defendant | ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)* |

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability / ☐ 367 Health Care/ Pharmaceutical | | **INTELLECTUAL PROPERTY RIGHTS** | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander / Personal Injury | | ☐ 820 Copyrights | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability / Product Liability | | ☐ 830 Patent | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine / ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | | ☐ 840 Trademark | ☐ 460 Deportation |
| | | | ☐ 880 Defend Trade Secrets Act of 2016 | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle / **PERSONAL PROPERTY** | **LABOR** | | ☐ 480 Consumer Credit (15 USC 1681 or 1692) |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | | ☐ 485 Telephone Consumer Protection Act |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury / ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | **SOCIAL SECURITY** | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice / ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 196 Franchise | / ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 862 Black Lung (923) | ☐ 890 Other Statutory Actions |
| | | ☐ 790 Other Labor Litigation | ☐ 863 DIWC/DIWW (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 791 Employee Retirement Income Security Act | ☐ 864 SSID Title XVI | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights / **Habeas Corpus:** | | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 441 Voting / ☐ 463 Alien Detainee | | | ☐ 896 Arbitration |
| ☐ 230 Rent Lease & Ejectment | ☒ 442 Employment / ☐ 510 Motions to Vacate Sentence | | **FEDERAL TAX SUITS** | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations / ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment / ☐ 535 Death Penalty | **IMMIGRATION** | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other / **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education / ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | ☐ 550 Civil Rights | | | |
| | ☐ 555 Prison Condition | | | |
| | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| ☒ 1 Original Proceeding | ☐ 2 Removed from State Court | ☐ 3 Remanded from Appellate Court | ☐ 4 Reinstated or Reopened | ☐ 5 Transferred from Another District *(specify)* | ☐ 6 Multidistrict Litigation - Transfer | | ☐ 8 Multidistrict Litigation - Direct File |

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
ADEA (29USC621)
Brief description of cause:
Violations of the ADEA and the PHRA.

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.
**DEMAND $**
CHECK YES only if demanded in complaint:
**JURY DEMAND:**  ☒ Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____  DOCKET NUMBER _____

DATE  8/7/2026
SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____